IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN TORR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-02908 |
| | § | |
| ROWAN COMPANIES, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties conferred by email on September 21 and 22, 2018 and by telephone and email on September 24, 2018. H. Julian Frachtman participated for Plaintiff and Virginia Mixon Swindell participated for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   This is an employment discrimination case. Plaintiff brings claims of disability discrimination under the Americans with Disabilities Act ("ADA") and the Texas Labor Code. Plaintiff anticipates seeking Defendant's consent and/or the Court's leave to amend the complaint to assert a Family and Medical Leave Act ("FMLA") claim. Defendant denies all of Plaintiff's allegations, and denies it violated the ADA, the Texas Labor Code, the FMLA or any other law.

4. **Specify the allegation of federal jurisdiction.**

   The Court has federal question jurisdiction since Plaintiff's claims arise under a federal statute, the ADA, and supplemental jurisdiction over Plaintiff's Texas Labor Code claims.

5. **Identify the parties who disagree and the reasons.**

   None.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7.      List anticipated interventions.**

None.

**8.      Describe class-action or collective-action issues.**

None.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree to exchange initial disclosures pursuant to the Court's Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action on or before October 26, 2018.

**10.     Describe the proposed agreed discovery plan, including:**

**A.      Responses to all of the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

(1) The parties agree to exchange initial disclosures pursuant to the Court's Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action on or before October 26, 2018.  The parties believe that discovery otherwise should proceed as provided under the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas, Houston Division.

(2) Generally, the parties believe that the subjects on which discovery will be needed include Plaintiff's employment with Defendant, including his job duties, compensation, job performance, the reasons for all employment decisions made with respect to Plaintiff, including all requests for accommodation, if any, and the termination decision; Plaintiff's requests for leave, if any, and Defendant's responses thereto; Plaintiff's subsequent efforts to find alternative employment; and other information related to Plaintiff's claims and Defendant's defenses.

(3) To the extent electronically stored information ("ESI") is discoverable, the parties agree to make initial production of relevant and responsive ESI in hard copy or soft copy image files (*e.g*., PDF).  After initial production, the parties will confer regarding any particularized need for production of any specific ESI in another format.  The parties will attempt, in good faith, to resolve any disputes regarding production of ESI, but the parties reserve the right to seek the Court's intervention to determine which party shall bear the cost of producing ESI in a particular format.

       The parties hereby request entry of a claw-back order under Federal Rule of Evidence 502(d) to protect attorney-client and work product protected communications.

(4) The parties intend to request entry of a protective order, based on the model protective order included with the Initial Discovery Protocols for Employment Cases Alleging Adverse Action. Otherwise, the parties are not aware of any issues about claims of privilege or of protection as trial-preparation materials but agree that prior to seeking the Court's intervention in any dispute as might arise, the parties will attempt, in good faith, to resolve such disputes.

(5) The parties do not believe any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Texas, Houston Division.

**B.** **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendant before the discovery deadline.

**C.** **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff before the discovery deadline.

**D.** **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff does not anticipate taking depositions at this time.

**E.** **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking Plaintiff's deposition before the discovery deadline. Defendant may depose other individuals who are identified in discovery before the discovery deadline. Plaintiff will be deposed first in time.

**F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide expert reports by February 15, 2019. Defendant will be able to designate responsive experts and provide expert reports 45 days after Plaintiff's expert designation and report deadline.

**G.** **List expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking, and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

        Plaintiff does not anticipate taking expert depositions at this time.

    **H.**    **List expert depositions that the opposing party anticipates taking, and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

        Defendant may depose experts designated by Plaintiff by the discovery deadline.

    **I.**    **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

        Not applicable.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties are in agreement.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

**13.**    **State the date the planned discovery can reasonably be completed.**

    July 1, 2019.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

    The parties agree to consider engaging in settlement negotiations and/or mediation after sufficient discovery has been completed.

**15.**    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties agree to evaluate whether mediation may be appropriate after sufficient discovery has been completed.

**16.**    **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before the magistrate judge.

17. **State whether a jury demand has been made and whether it was made on time.**

    A jury was requested by Plaintiff in the Original Petition filed in state court.

18. **Specify the number of hours that it will likely take to present the evidence in this case.**

    The parties anticipate 20 hours will be needed to present the evidence in this case.

19. **List pending motions that can be resolved at the initial pretrial and scheduling conference.**

    None.

20. **List other pending motions.**

    None pending. Plaintiff anticipates seeking Defendant's consent and/or the Court's leave to amend the Complaint to assert claims under the FMLA.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

    None.

22. **Certify that all parties have filed the Disclosure of Interested Persons, as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff's Disclosure of Interested Parties will be filed before the Initial Pretrial and Scheduling Conference.

    Defendant's Disclosure of Interested Parties will be filed before the Initial Pretrial and Scheduling Conference.

23. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel and unrepresented parties.**

    **Attorneys for Defendant**
    Virginia Mixon Swindell
    Texas Bar No. 00794711
    S.D. Texas ID No. 20303
    Email: virginia.swindell@jacksonlewis.com
    Michael J. Lombardino
    Texas Bar No. 24070159
    S.D. Texas ID No. 1580053
    Email: michael.lombardino@jacksonlewis.com
    **JACKSON LEWIS P.C.**
    Wedge International Tower

5

1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone: (713) 650-0404

**Attorney for Plaintiff**
H. Julian Frachtman
Texas Bar No. 24087536
Hfrachtmanlaw@gmail.com
3100 Richmond, Suite 203
Houston, Texas 77098
Telephone: (832) 499-0611

    Respectfully submitted,

By:  */s/ H. Julian Frachtman w/permission*
    H. Julian Frachtman
    Texas Bar No. 24087536
    Hfrachtmanlaw@gmail.com
    3100 Richmond, Suite 203
    Houston, Texas 77098
    Telephone: (832) 499-0611
    Facsimile: (713) 651-0819

    **ATTORNEY FOR PLAINTIFF**
    **BRYAN TORR**

**AND**

**JACKSON LEWIS P.C.**

By:  */s/ Virginia Mixon Swindell*
    Virginia Mixon Swindell
    Texas Bar No. 00794711
    S.D. Texas ID No. 20303
    Wedge International Tower
    1415 Louisiana, Suite 3325
    Houston, Texas 77002
    Telephone: (713) 650-0404
    Facsimile: (713) 650-0405
    Email: virginia.swindell@jacksonlewis.com

    **ATTORNEY-IN-CHARGE FOR DEFENDANT**
    **ROWAN COMPANIES, INC.**

**OF COUNSEL:**

Michael J. Lombardino
Texas Bar No. 24070159
S.D. Texas ID No. 1580053
**JACKSON LEWIS P.C.**
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405
Email: michael.lombardino@jacksonlewis.com
**ATTORNEY FOR DEFENDANT**
**ROWAN COMPANIES, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that I filed the foregoing document on September 24, 2018 with the clerk of the Court of the United States District Court for the Southern District of Texas using the CM/ECF system pursuant to the Court's electronic filing requirements, which constitutes service of the filed documents on all counsel of record as listed below:

      H. Julian Frachtman
      3100 Richmond, Suite 203
      Houston, Texas 77098
      Email: Hfrachtmanlaw@gmail.com
      *Attorney for Plaintiff*

                                                  */s/ Virginia Mixon Swindell*
                                                  Virginia Mixon Swindell